IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Associated Electric & Gas Insurance Services Limited and ACE American Insurance Company, as subrogees of Tanner Street Generation, LLC** § § § § § | | |
| **Plaintiffs** § | | |
| vs. § | Civil Action No. | |
| § | | |
| **Siemens Energy Inc., as successor in interest to Rolls-Royce Energy Systems Inc.** § § § § § | Jury Trial Requested | |
| **Defendants.** § § | | |

## COMPLAINT

Plaintiffs Associated Electric & Gas Insurance Services Limited and ACE American Insurance Company, as subrogees of Tanner Street Generation LLC, by and through their attorneys, Grotefeld Hoffmann LLP, and for their Complaint against Siemens Energy Inc. as successor-in-interest to Rolls-Royce Energy Systems Inc., allege as follows:

## PARTIES

1. The following Insurers are Plaintiffs to this action by reason of providing property and business interruption insurance for the benefit of Tanner Street Generation, LLC ("Tanner"). The Insurers' respective policies insured Tanner's property against risk of loss, and the Insurers are subrogated to the interests of Tanner by having made payments pursuant to their respective contracts of insurance:

      a.      Plaintiff Associated Electric & Gas Insurance Services Limited ("AEGIS") is a foreign corporation domiciled in Bermuda. AEGIS insured Tanner for all relevant purposes under Policy No. L6074A1A11, effective July 1, 2011 to March 1, 2012.

      b.      Plaintiff ACE American Insurance Company ("ACE") is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. ACE insured Tanner for all relevant purposes under Policy No. EUT 5101700, effective March 1, 2011 to March 1, 2012.

2.      Defendant Siemens Energy Inc. ("Siemens") is, upon information and belief, a Delaware corporation with its principal place of business in Orlando, Florida.

3.      Defendant Siemens is the successor-in-interest to the contract that is the subject of this dispute by reason of its purchase of Rolls-Royce Energy Systems, Inc. ("Rolls-Royce").

## JURISDICTION

4.      As described in paragraphs 1 through 3, there is complete diversity of citizenship between the parties to this action.

5.      The Insurers allege that Siemens is liable to them for the sum of $7,095,833.68, plus interest, which represents the amount the Insurers paid to Tanner under their respective insurance contracts as a direct result of the incident that gives rise to this action.

6.      Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## VENUE

7. Venue is appropriate in this Court because the original signatories to the contract that underlies this dispute specifically agreed that any action or proceeding arising under the terms of the contract would be governed, construed, and enforced under the laws of the State of New York, and any action or proceeding under the contract would be brought in any court of competent jurisdiction in Houston, Texas. (Equipment Supply Contract, Article XIV, Excerpt Attached to this Complaint as Exhibit A)

8. Article XIV of the contract provides that its terms are binding upon and inure to the benefit of the signatories' successors and assigns. As subrogees and successors-in-interest to the rights of the original signatories, the parties to this action are bound by the terms of the contract for purposes of this action, including the choice of law and venue provisions.

## FACTUAL BACKGROUND

9. On or about June 29, 2007, Rolls-Royce sold an Industrial Trent 60 Dual Fuel WLE gas turbine to Montgomery L'Energia Power Partners LP pursuant to a Supply Contract, a copy of which is attached to this Complaint as Exhibit A.

10. By agreement dated July 1, 2011, Montgomery L'Energia sold the turbine, along with the facility in which it was housed (located at 2 Tanner Street, Lowell, Massachusetts 01852) to Tanner Street Generation, LLC, and assigned all rights and responsibilities under the Supply Contract to Tanner. Tanner subsequently insured the property through the insurance policies described in Paragraph 1a and 1b above.

11.     On July 27, 2011, the turbine suffered a breakdown, causing Tanner to incur repair costs and to suffer an interruption of its business.

12.     Tanner contracted separately with Rolls-Royce to perform at least some of the repairs, and paid Rolls-Royce for that work.

13.     An investigation showed that the turbine failure was due to a defect in the turbine's design or manufacture, and not to any fault by Montgomery L'Energia or Tanner.

14.     Tanner then submitted a claim for property damage and business interruption to its insurers, who paid the claim in the amount of $7,095,833.68, becoming bona fide subrogees to the interests of Tanner in this action.

15.     The Insurers made a subrogation demand upon Rolls-Royce, which Rolls-Royce rejected.

16.     Subsequently, Siemens acquired Rolls-Royce and became its successor-in-interest under the Supply Contract.

## COUNT I – BREACH OF WARRANTY

17.     Plaintiffs reallege paragraphs 1 through 16.

18.     The Supply Contract contains an express warranty that the "Work shall be performed in accordance with good engineering and design practices for electrical power generation projects, and that, when complete, and subject to proper installation and interconnection by Customer, the Equipment will be compliant with the terms set forth in this Contract and all applicable laws and codes. Rolls-Royce further warrants that the Equipment will be new and of good quality, free from defects in materials and

workmanship, conform to applicable laws, codes and the specifications and requirements of this Contract and be properly assembled in accordance with applicable law, codes and the requirements of this Contract." Exhibit A, Article IV, 4.1.

19. The turbine failed as a result of a defect in its design or manufacture.

20. Rolls-Royce breached its express warranty by providing a defective turbine.

21. Rolls-Royce's breach of its express warranty directly and proximately caused the damages suffered by the Insurers.

## COUNT II – BREACH OF WARRANTY

22. Plaintiffs reallege paragraphs 1 through 21.

23. The Supply Contract provides that when equipment is found to be defective, Rolls-Royce must, "as soon as reasonably possible, at its option and expense, correct such defect or nonconformity by repair or replacement."

24. The turbine failed as a result of a defect in its design or manufacture.

25. Rolls-Royce failed to repair or replace the defective turbine at its expense.

26. Rolls-Royce's breach of its warranty duty to repair or replace the defective turbine at its own expense directly caused Plaintiffs' damages.

WHEREFORE, Associated Electric & Gas Insurance Services, Limited. and ACE American Insurance Company, as subrogees of Tanner Street Generation, LLC, respectfully seek:

    1. Judgment in their favor and against Siemens Energy Inc. in the amount of $7,095,833.68;

    2. All applicable pre-judgment interest to which they are entitled under New York law;

3.  All costs, fees, or other relief this Court deems equitable and just.


Dated: May 15, 2015                     **GROTEFELD HOFFMANN LLP**

                                              By:   /s/Kevin S. Mosley
                                                    Kevin S. Mosley

Kevin S. Mosley (TX #24093507)
311 S. Wacker Dr., Ste. 4500
Chicago, IL 60606
Phone: 312-551-0200
Fax: 312-601-2402

and

David S. Evinger (MN #27935)
Emily Picone Hennen (MN #320560)
150 South Fifth Street
Suite 3650
Minneapolis, MN 55402
Phone: 612-546-4883
Fax:     612-326-9996


**ATTORNEYS FOR PLAINTIFFS ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED AND ACE AMERICAN INSURANCE COMPANY**